**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNA DE ROSA, individually and on behalf of all others similarly situated, | No. 16-55211 |
| Plaintiff-Appellant, | DC No. CV 15-7540 CJC |
| v. | MEMORANDUM* |
| TRI-UNION SEAFOODS, LLC, DBA Chicken of the Sea International, a California corporation; TRI-UNION FROZEN PRODUCTS, INC., DBA Chicken of the Sea Frozen Products, a Delaware corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Before:      TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant Donna De Rosa appeals the dismissal of her putative class action lawsuit against Defendants-Appellees Tri-Union Seafoods LLC and Tri-Union Frozen Products, Inc. (collectively, "Tri-Union").[1] Tri-Union is a manufacturer and distributor of canned and packaged seafood that sources its products from Thailand. The Bureau of International Labor Affairs of the United States Department of Labor recognizes that fish and shrimp products exported from Thailand may be the result of forced labor. Therefore, Tri-Union's supply chain may include forced labor, but the company does not disclose this on its labels.

De Rosa argues that by not labeling its products, Tri-Union misled purchasers and thereby violated California's consumer protection laws. Specifically, De Rosa brings suit under (1) California Civil Code §§ 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"); (2) California's Business & Professions Code §§ 17200, *et seq.*, the Unfair Competition Law ("UCL"); and (3) California's Business & Professions Code §§ 17500, *et seq.*, the False Advertising Law ("FAL").

---

[1] This appeal is one of seven related cases that were consolidated for oral argument. For a more fulsome discussion of the issues in these appeals, please refer to the published opinion in *Hodsdon v. Mars, Inc.*, __ F.3d __, No. 16-15444, 2018 WL 2473486 (9th Cir. Jun. 4, 2018)

The district court dismissed all of De Rosa's claims. We review de novo, *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013), and affirm.

1.    De Rosa argues that Tri-Union had a duty to disclose, on its labels, the existence of forced labor in its supply chain. Plaintiff failed to allege that the existence of forced labor in the supply chain affects the seafood products' central function. *See Hodsdon*, 2018 WL 2473486 at *6. Therefore, Tri-Union was under no duty to disclose. *Id.*[2]

2.    "[A]lthough a claim may be stated under the CLRA in terms constituting fraudulent omissions, to be actionable the omission must be contrary to a representation actually made by the defendant, *or an omission of a fact the defendant was obliged to disclose*." *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 126 (Ct. App. 2006) (emphasis added). Therefore, Tri-Union did not violate the CLRA.

3.    The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because Business & Professions Code § 17200 is written in the disjunctive, it establishes three varieties of unfair

---

[2]    We assume for the purposes of this appeal that the existence of forced labor in the supply chain is material to consumers. We do not reach whether Plaintiff alleged that Defendants had the requisite exclusivity of knowledge over the consumer.

competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 540 (Cal. 1999) (citations and internal quotation marks omitted).  Plaintiff claims that Tri-Union is liable under all three varieties.

Tri-Union is not liable under the unlawful prong because De Rosa did not state a claim under the CLRA.  Likewise, De Rosa cannot state a claim under the fraudulent prong because Tri-Union did not have a duty to disclose the forced labor.  *See Berryman v. Merit Prop. Mgmt., Inc.*, 62 Cal. Rptr. 3d 177, 188 (Ct. App. 2007).  Finally, De Rosa cannot state a claim under the unfair prong pursuant to either of the California tests.  *See Hodsdon*, 2018 WL 2473486 at *7–8. Therefore, De Rosa did not state a UCL claim.

**4.**     For the purposes of the FAL, whether an advertisement is misleading is determined by asking whether a reasonable consumer would likely be deceived. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1161–62 (9th Cir. 2012).  De Rosa's FAL claims fail because "a failure to disclose a fact one has no affirmative

duty to disclose is [not] 'likely to deceive' anyone." *See Daugherty*, 51 Cal. Rptr. 3d at 128.[3]

·   ●   ·

The judgment of the district court is

**AFFIRMED.[4]**

---

[3]     The district court dismissed De Rosa's claims on the ground that the California Transparency in Supply Chains Act of 2010, Cal. Civ. Code § 1714.43, created a safe harbor that bars De Rosa's lawsuit.  Because we affirm the district court on another ground, we do not reach this issue of whether the safe harbor doctrine applies.

[4]     Plaintiff has an outstanding motion to certify a question to the California Supreme Court; however, the question is not outcome determinative. *See* Cal. R. of Court 8.548(a)(1) ("The [California] Supreme Court may decide a question of California law if . . . [t]he decision could determine the outcome of a matter pending in the requesting court.").  We therefore deny the motion to certify. Tri-Union's motion to take judicial notice is denied as moot.